IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Lighthouse Property Insurance Corporation, ) | Civil Action No. 9:17-1553-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Victoria Rogers and Shanna Norwood, as ) | |
| Natural Parent of J.N., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Shanna Norwood's motion for the Court to abstain from hearing and to dismiss this insurance coverage action (Dkt. No. 7). For the reasons set forth below, the Court denies the motion.

I. **Background**

This is an insurance coverage declaratory action. On December 21, 2014, a dog owned by Defendant Victoria Rogers allegedly bit Ms. Norwood's daughter while she was at Ms. Rogers's home, inflicting facial injuries requiring emergency medical treatment. Ms. Norwood has filed an action in the Beaufort County Court of Common Pleas against Ms. Rogers, asserting negligence and strict premises liability claims and seeking indeterminate actual and punitive damages (the "Underlying Litigation"). (Dkt. No. 1-1.)

Plaintiff Lighthouse Property Insurance Corporation issued a homeowner's policy for Ms. Roger's home with a $300,000 per occurrence liability limit. Lighthouse currently is defending Ms. Rogers in the Underlying Litigation under a full reservation of rights. Ms. Roger's policy has an exclusion for "'Bodily injury' or 'property damage' caused by any dog . . . owned or kept, including temporary supervision, by you or any insured, resident, tenant or guest whether or not the injury occurs on your premises or any other location." (Dkt. No. 1-2 at 14.) Lighthouse filed

the present action seeking a declaration that it has no obligation to defend or indemnify Ms. Rogers in the Underlying Litigation. Ms. Norwood has moved to dismiss or to remand the complaint.

## II. Legal Standard

A motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of a court to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A challenge to subject-matter jurisdiction may contend either 1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or 2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.*

Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331, a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" 28 U.S.C. § 1332(a). When a defendant bases removal on diversity jurisdiction, the amount in controversy is determined at the time of removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). In making this determination, the amount claimed by the plaintiff in his complaint controls unless the claim is made in bad faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If the amount claimed in the complaint is indeterminate or if it is contested on grounds enumerated in 28 U.S.C. §

1446(c)(2)(A), both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

### III. Discussion

#### A. Amount in Controversy

Ms. Norwood argues the $75,000 amount-in-controversy threshold for diversity jurisdiction is not met in this case because she has made a settlement demand for less than $75,000 (Ms. Norwood declines to state the amount of the demand or whether it has expired). That argument is without merit. A settlement demand is not a stipulation of damages. *See Green v. Caterpillar Inc.*, No. 2:14-CV-26-MR-DSC, 2014 WL 4798705, at *3 (W.D.N.C. Sept. 26, 2014) ("When damages are indeterminate, a party's stipulation can be enforceable if it is 'a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.'" (quoting *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001))). Moreover, Ms. Norwood cannot defeat jurisdiction by stipulating to less than $75,000 in damages now, after the case has been removed. *See St. Paul Mercury*, 303 U.S. at 289–90; *Covington v. Syngenta Corp.*, 225 F. Supp. 3d 384, 389 (D.S.C. 2016).

In the Underlying Action, Ms. Norwood alleges a dog attack severely injured the face of her minor child and she seeks actual and punitive damages. A "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *See Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999). The Court therefore finds by a preponderance of the evidence that Lighthouse's potential exposure in the Underlying Litigation exceeds the $75,000 amount-in-controversy threshold. Because diversity of the parties is uncontested and because the amount-in-controversy requirement is met, the Court has subject-matter jurisdiction over this action.

**B.     Abstention**

Ms. Norwood alternatively asks the Court to abstain from exercising jurisdiction over this declaratory judgment action, arguing the *Nautilus* factors weigh against hearing this action. District courts have discretion to decline to exercise jurisdiction over declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995). In *Nautilus Insurance Company v. Winchester Homes, Inc.*, the Fourth Circuit ruled that a district court's discretion to decline to hear a declaratory judgment action should be guided by

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts, (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending, (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of "overlapping issues of fact or law."

15 F.3d 371, 377 (4th Cir. 1994) (citations omitted).

The argument that this Court should abstain from hearing this action is without merit. This action presents the straightforward question of contract interpretation, "Does Ms. Rogers's homeowner's insurance policy cover dog bite injuries?" There is no reason to believe that question can be answered more efficiently in state court because no factual or legal issue pending the Underlying Litigation will be affected by a determination of Lighthouse's contractual duties. Similarly, there is no possibility of entanglement with the state courts, because there are no overlapping issues of fact or law. Moreover, an insurance coverage declaratory action is not "procedural fencing." Lighthouse has every right to seek a judicial determination of its legal duties under the insurance policy. *Cf. First Fin. Ins. Co. v. Crossroads Lounge, Inc.*, 140 F. Supp. 2d 686, 700 (S.D.W. Va. 2001) ("[S]eparate declaratory judgments on coverage issues are 'not uncommon' and 'traditionally resolved' in cases like the one at bar.").

With one exception, Ms. Norwood arguments to the contrary are mere conclusory recitals of the *Nautilus* factors bereft of any application to the facts of this case. Her only substantive argument is that federal courts should abstain from declaratory judgment actions "requiring uncertain interpretations of state insurance law" because the state has a strong interest in deciding matters of state insurance law. (Dkt. No. 7-1 at 4 (citing *Mitchenson v. Harris*, 955 F.2d 235 (4th Cir. 1992).) But she fails to identify any uncertain issue of state law the present case implicates and she provides no reason for the Court to suppose that this case will not be determined by well-established and straightforward contract and insurance law.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss (Dkt. No. 7).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 22, 2017
Charleston, South Carolina