IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Lighthouse Property Insurance Corporation, | ) | Civil Action No. 9:17-1553-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Victoria Rogers and Shanna Norwood, as Natural Parent of J.N., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Lighthouse Property Insurance Corporation's motion for summary judgment. (Dkt. No. 19.) For the reasons set forth below, the Court grants the motion.

I. **Background**

This is an insurance coverage declaratory action. On December 21, 2014, a dog owned by Defendant Victoria Rogers allegedly bit Ms. Norwood's daughter while she was at Ms. Rogers's home, inflicting facial injuries requiring emergency medical treatment. Ms. Norwood has filed an action in the Beaufort County Court of Common Pleas against Ms. Rogers, asserting negligence and strict premises liability claims and seeking indeterminate actual and punitive damages (the "Underlying Litigation"). (Dkt. No. 1-1.)

Plaintiff Lighthouse Property Insurance Corporation issued a homeowner's policy for Ms. Roger's home with a $300,000 per occurrence liability limit. Lighthouse has defended Ms. Rogers in the Underlying Litigation under a full reservation of rights. Ms. Roger's policy has an exclusion for "'Bodily injury' or 'property damage' caused by any dog . . . owned or kept, including temporary supervision, by you or any insured, resident, tenant or guest whether or not the injury occurs on your premises or any other location." (Dkt. No. 1-2 at 14.) Lighthouse filed the present

action seeking a declaration that it has no obligation to defend or indemnify Ms. Rogers in the Underlying Litigation. Ms. Norwood has not participated in this coverage action.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

Under South Carolina law, insurance policies are subject to the general rules of contract construction. *Nationwide Mutual Ins. Co. v. Commercial Bank*, 479 S.E.2d 524 (S.C. 1996). Where the policy terms are ambiguous, conflicting, or capable of multiple reasonable

interpretations, the interpretation most favorable to the insured will be adopted. *Diamond State Ins. Co. v. Homestead Indus. Inc.*, 456 S.E.2d, 912 (S.C. 1995); *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 135 (S.C. Ct. App. 2000). The insurance company "bears the burden of establishing the exclusion's applicability." *Owners Ins. Co. v. Clayton*, 614 S.E.2d 611, 614 (S.C. 2005).

Here, it is undisputed that Ms. Rogers owned the dog that injured Ms. Norwood's child. It is undisputed that Ms. Norwood seeks to recover damages for bodily injury caused by the dog. (Dkt. No. 20-1 ¶ 8.) It is undisputed that Ms. Rogers's homeowners' policy had at the time of the attack an exclusion from coverage for "'Bodily injury' or 'property damage' caused by any dog . . . owned or kept, including temporary supervision, by you or any insured, resident, tenant or guest whether or not the injury occurs on your premises or any other location." (Dkt. No. 1-2 at 14.) The Court finds that the terms of the exclusion are not ambiguous, conflicting, or capable of multiple reasonable interpretations. Therefore, the only reasonable conclusion is that Plaintiff has met its burden to show that the exclusion applies to claims against Ms. Rogers arising from the dog attack on Ms. Norwood's child. Because those facts are not subject to genuine dispute, summary judgment for Plaintiff is appropriate.

In favor of coverage, Defendant argues,

> Lighthouse's reliance on the Exclusion in seeking summary judgment is misguided because Defendant/Plaintiff J.N.'s injuries were not caused solely by Ms. Roger[s]'s dog but also by Ms. Roger[s]'s failure to maintain control over the dog. The Exclusion does not exclude coverage for losses caused by the negligence of Ms. Rogers. Instead, the Exclusion applies only to losses "caused by any dog[.]"

That argument is illogical. A dog has no liability in tort, so a dog bite exclusion from liability coverage necessarily refers to the conduct of the person responsible for the dog. Ms. Rogers had a duty to control her dog and for that reason, she is potentially liable for damages caused by her

dog. Defendant argues as if a policy exclusion for dog bites simply means that the dog itself is not an insured party. That is not a reasonable interpretation of the exclusion.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. No. 19).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 17, 2018
Charleston, South Carolina